IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| GEORGETOWN COUNTY FIRE PROTECTION DISTRICT & MIDWAY FIRE RESCUE )<br><br>Plaintiff, )<br><br>v. )<br><br>G2 CORPORATION d/b/a SCREEN TIGHT, )<br><br>Defendant. ) | Civil Action No.: 2:08-1914-DCN |

## COMPLAINT

1. The Plaintiffs, Georgetown County Fire Protection District ("Georgetown") and Midway Fire Rescue ("Midway"), by and through their undersigned attorneys, allege as follows:

## STATEMENT OF CASE

2. This is a civil action for recovery of costs brought pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9607, as amended by the Superfund Amendments and Reauthorization Act of 1986, 100 Stat. 1613 (1986)("CERCLA"); the Plaintiffs seek to recover costs they incurred in connection with a facility owned by the Defendant G2 Corporation d/b/a Screen Tight ("Screen Tight") located in Georgetown, South Carolina (the "Site").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action and the parties hereto pursuant Section 113(b) of CERCLA, 42 U.S.C.§ 9613(b) and 28 U.S.C. §§ 1331.

4.      Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b) and (c), because the claims arose and the threatened and actual release of hazardous substances occurred in this district.

## GENERAL ALLEGATIONS

5.      The Plaintiffs are Georgetown County fire protection services established pursuant to S.C. Code Ann. §4-19-10 *et seq.*

6.      The Defendant is a South Carolina corporation and a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

7.      The Defendant was the owner and/or operator of a facility, the Site, as described in Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

8.      The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

9.      Defendant was, the owner/operator of the Site as within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

10.     On or about, May 14, 2005, a fire occurred at the Defendant's facility, the Site, and Plaintiffs responded to said fire. As a result of the fire, there were releases or the threat of releases of hazardous substances including, but not limited to, Chlorine, Hydrochloric Acid, Hydrogen Chloride, Bis (2-ethylhexl) Phthalate, Polyvinyl Chloride and Vinyl Chloride, into the environment at the Site within the meaning of Sections 101(14) and 101(22) of CERCLA, 42 U.S.C. § 9601(14) and (22).

11.     Chlorine, Hydrochloric Acid, Hydrogen Chloride, Bis (2-ethylhexl) Phthalate, Polyvinyl Chloride, and Vinyl Chloride are listed, designated hazardous substances pursuant to Section 102(a) of CERCLA, 42 U.S.C. § 9602(a) and 40 C.F.R. Part 302.4.

12.     Vinyl Chloride is listed, designated hazardous substances pursuant to Section 102(a) of CERCLA, 42 U.S.C. § 9602(a) and the Section 112 of the Clean Air Act, 42 U.S.C. § 7412(b).

13.     As a direct result of the fire and resulting releases, the Plaintiffs incurred "allowable" response costs as defined by 40 C.F.R. Part 310.11 for equipment that was "contaminated or damaged beyond reuse or repair" in the amount of $109,901.92.

## FIRST CLAIM FOR RELIEF

14.     Paragraphs 1 through 13 are realleged and incorporated herein by reference.

15.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in part, that:

(1) the owner of a vessel or facility,

(4) . . . from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for -

(B) . . . necessary costs of response incurred by any other person consistent with the national contingency plan.

16.     The Plaintiffs incurred "response costs," as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), in responding to the release or threatened release of hazardous substances at the Site.

17.     The costs incurred by the Plaintiffs in connection with the Site are consistent with the National Contingency Plan, which was promulgated under Section 105(a) of CERCLA, 42 U.S.C. § 9605(a), and codified at 40 C.F.R. Part 300, *et seq*.

18.     The Defendant is a member of one of the classes of liable parties described in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

19.     The Defendant is liable to the Plaintiffs pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for Plaintiffs' response costs, and prejudgment interest at the applicable rate pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) and 26 U.S.C. § 9507, for which a demand for payment has been made.

20.     The Defendant has refused and continues to refuse to compensate the Plaintiffs for the response costs and prejudgment interests for those costs.

## SECOND CLAIM FOR RELIEF

21.     Paragraphs 1 through 20 are realleged and incorporated herein by reference.

22.     On or about May 14, 2005, the Plaintiffs responded to a fire at the Defendant's facility, the Site.

23.     As a direct result of responding to and extinguishing the fire at the Site, the Plaintiffs suffered damage to its equipment in the amount of $109,901.92.

24.     The damages suffered by the Plaintiffs were proximately caused by the negligence, recklessness and willfulness of the Defendant in one or more of the following particulars:

    a.    In failing to maintain the Site in a reasonably safe condition;

    b.    In permitting a fire hazard to exist on the Site when the Defendant knew or should have known of its hazardous existence;

    c.    In failing to take any reasonable measures to eliminate the hazard presented by the storing of hazardous substances after Defendant knew or should have known of the risk of harm presented thereby to the Plaintiffs and others; and

   d.  In otherwise failing to use due care under the circumstances.

 25. That as a proximate result of the aforesaid negligent, reckless, and willful acts and omissions on the part of Defendant, the Plaintiffs suffered damage to its property in the amount of $109, 901.92.

## PRAYER FOR RELIEF

 WHEREFORE, Plaintiffs respectfully requests that the Court:

1. Award the Plaintiffs judgment against the Defendant for all costs incurred by the Plaintiff in connection with the Site, including prejudgment interest;

2. Award the Plaintiffs its costs and fees in this action; and

3. Grant such other and further relief as is appropriate.

      Respectfully submitted,

      /s/Thomas J, Keaveny, II
      Thomas J. Keaveny, II, Fed ID # 2285
      Amy B. Rothschild, Fed ID # 5545
      **KEAVENY LAW FIRM, LLC**
      445 Folly Road
      Charleston, South Carolina 29412
      843.225.2820 (telephone)
      843.225.2823 (facsimile)

      **ATTORNEYS FOR PLAINTIFFS**

Charleston, South Carolina

May 15, 2008